McKinney, J.
delivered the opinion of the court.
The judgment of the Circuit Court in this case, sustaining the demurrer to the declaration, we think altogether erroneous.
Of the various causes of demurrer assigned upon the record, or stated in argument, there is no one well founded.
*398 1. The bond declared on, is a good statutory bond, and the statement in the declaration, that the suit is for the use of the State, is, at most, mere surplusage; it would not be, however, good cause even of special demurrer, because this is according to the legal effect, as the recovery enures to the -State.
2. The bond, in legal contemplation, is to the incumbent of the office at the time of the breach; the suit thereon is in his own name and right, though as trustee; and, therefore, may.be sired and declared upon in the debet and detinet.
3. The breaches assigned in the declaration, precisely negative the conditions of the bond, and are, therefore, sufficient and in proper form,
4. The occupation or profession of the defendant appears from the condition of the bond set forth in the declaration, which he is estopped to question, and need not have been otherwise averred.
5. The bond is not set out on oyer, and there is nothing to show that it was not taken by the proper officer, and in the mode prescribed by law, as the law will intend in a case like the present, until the contrary is averred and shown.
6. If the defendant did not, in fact, purchase any goods,*, during the year, for which the bond sued on was given; or if the goods were of a character, not falling within the operation of the bond, this would constitute matter of defence, which must come from the defendant.
7. The objection -that the declaration does not conclude “ against the form of the statute, &c.,” — if, indeed, it be an objection in .a case like this, which it is not necessary now to consider of, could only be taken advantage of by special demurrer, which has not been done upon the record.
*399 The judgment of the Circuit Court will be reverséd, and the case be remanded to be further proceeded with.